ant gave it to another person and refused to let the plaintiff proceed with it. It appears from the evidence that the plaintiff had arranged to have the work done by subcontractors, and over the objection and exception of the defendant he was allowed to prove the amount of those subcontracts. This was error, for which the judgment must be reversed. Profits as shown by subcontracts do not constitute the proper measure of damages in an action to recover damages for preventing the plaintiff from performing his contract with the defendant. Story v. New York & Harlem R. R. Co., 6 N. Y. 85. There can be no doubt that this improper measure of damages was adopted, for the justice refused to allow the defendant to prove the reasonable value of the work.

The judgment should be reversed, and a new trial ordered; costs to abide the event. All concur.

---

SMITH v. NEW JERSEY & H. R. RY. & FERRY CO.

(Supreme Court, Appellate Division, First Department. January 24, 1908.)

DAMAGES—PERSONAL INJURIES—PHYSICAL EXAMINATION—REFUSAL TO SUBMIT TO EXAMINATION—STRIKING OUT COMPLAINT.

In an action for personal injuries, where plaintiff refuses to submit to the physical examination authorized by Code Civ. Proc. § 873, and ordered by the court, the complaint may be stricken out.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 531.]

Appeal from Special Term.

Action by Grace L. Smith against the New Jersey & Hudson River Railway & Ferry Company. From an order denying a motion to punish plaintiff as for contempt, defendant appeals. Modified.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Clarence E. Thornall, for appellant.
Thomas C. McDonald, for respondent.

PER CURIAM. The plaintiff should not be allowed to prosecute her action if she persists in her refusal to submit to the examination authorized by Code Civ. Proc. § 873, and ordered by the court. Nor should the action be kept alive indefinitely. The defendant is entitled to have it promptly and finally disposed of.

The order appealed from will be modified, so as to provide that the complaint be stricken out unless the plaintiff shall within 20 days after the service of the order upon her attorney, and upon due notice to the attorney for the defendant, submit herself to a further and thorough physical examination by the physician heretofore appointed, with $10 costs and disbursements to appellant.